# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

DEBRA DARRINGTON, as next friend )
for M.R., et al., on behalf of themselves )
and others similarly situated )
      )
      Plaintiffs, )
      )
v. )     Case No. 2:25-cv-04268-MDH
      )
MISSOURI DEPARTMENT OF )
MENTAL HEALTH, et al )
      )
      Defendants. )

## ORDER

Before the Court is Defendants'[1] Dr. Mina Charepoo, Dr. Kishore Khot, Brian D. Neuner, Lynne Unnerstall, Jhan R. Hurn, Dennis H. Tesreau, and Teresa E. Coyan (collectively "MMHC Defendants") and Missouri Department of Mental Health ("DMH") Motion to Dismiss the claims against them for failure to state a claim, pursuant to Rules 12(b)(6). The Complaint contains four Counts: Count I – Deprivation of Substantive Due Process for Evaluation Class; Count II – Deprivation of Substantive Due Process for Restoration Class; Count III – Discrimination in Violation of the ADA; Count IV – Discrimination in Violation of the Rehabilitation Act.

Defendants allege: (1) Plaintiffs lack standing against all Defendants in the claim raised in Count I, and Plaintiffs lack standing against MMHC Defendants in all claims; (2) Sovereign immunity bars Counts I and II against Defendant DMH; (3) Even if Plaintiffs had standing to sue

---

[1] Defendant Valerie Huhn was dismissed without prejudice from this case after a Stipulation of Dismissal was filed by the Parties (Docs. 38, 39). The stipulation reasoned she was dismissed "in light of the Department's [DMH's] participation in this case as a named defendant." Below, the Court rules DMH is protected under the Eleventh Amendment's sovereign immunity. The Court notes, in light of DMH's absence, if Defendant Huhn's participation is central to the relief sought, the absence of the agency head may complicate enforcement, if any is appropriate, in this case.

1

MMHC Defendants under Counts I and II in Plaintiff's Complaint, MMHC Defendants have sovereign immunity for the declaratory and injunctive relief sought because *Ex parte Young's* "Some Connection" requirement is not met; and (4) Counts I and II against MMHC Defendants and Counts III and IV against Defendant Huhn should be dismissed as redundant.

The matter is now ripe for review. For the reasons stated herein, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiffs filed this putative class action lawsuit to address wait times for forensic mental health services in the state of Missouri. Plaintiffs and other similarly situated individuals who are members of the proposed putative class (collectively, "Plaintiffs") are either suspected of being, or have already been deemed, incompetent to stand trial ("IST") and are regularly housed in Missouri's jails while they await their court-ordered competency treatment. Defendants currently maintain a waitlist for competency evaluations and restoration services. That waitlist is comprised of hundreds of Missourians living with serious mental illnesses or other competency issues, all of whom wait months or even years in jail before they receive court-ordered services. Plaintiffs argue this practice is unconstitutional and inhumane and makes competency restoration more challenging because of the decompensation that occurs when someone who is seriously mentally ill is housed in a jail as opposed to a treatment environment. Plaintiffs argue these wait times, allegedly caused by Defendants, deprive Plaintiffs of their due process rights protected by the Fourteenth Amendment and violate Title II of the Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("RA"). Plaintiffs seek declaratory and injunctive relief from this Court to stop this practice.

2

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

**I.      Article III Standing – Count I**

A plaintiff bears the burden of establishing Article III standing by showing "(i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Ojogwu v. Rodenburg Law Firm*, 26 F.4th 457, 461 (8th Cir. 2022). The Court addresses standing first because it is a jurisdictional requirement. *See Hekel v. Warfield, Inc.*, 118 F.4th 938, 941 (8th Cir. 2024).

3

Defendants argue Plaintiffs lack standing against all Defendants in the claim raised in Count I because the only named class representative, Plaintiff D.W., did not establish an injury in fact. Plaintiff argues D.W. had Article III standing at the time of filing because he faced imminent and substantial harm by being subject to Defendants' waitlist practice and even if D.W. now lacks standing to bring Count I because he has been evaluated, his claim is "capable of repetition yet evading review."

To satisfy Article III, a plaintiff must demonstrate that at the time of filing he had an injury that was "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis added). "At the pleading stage . . . general factual allegations of injury . . . may suffice." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013).

Plaintiffs allege DMH has kept a long-standing, statewide waitlist for court-ordered competency evaluations and restoration services. According to the Plaintiffs, people often wait six months or more just to be evaluated, and about half are then found incompetent to stand trial—after which they may wait an additional 14 months or longer for treatment. The system does not prioritize individuals based on the severity of their symptoms, and these delays have persisted for years. Given this pattern, the Plaintiffs argue there is no reason to believe D.W. would be treated any differently; he would simply join the end of an already overcrowded line. Thus, Plaintiffs argue as long as he remains in this dysfunctional system, the risk of serious and imminent harm continues. At the pleading stage, these general factual allegations of injury suffice to withstand a motion to dismiss.

4

The Court finds that Plaintiff D.W. presents factual allegations that show he faced imminent and substantial harm by being subject to Defendants' waitlist practice. Therefore, named Plaintiff D.W. has Article III standing. The Motion to Dismiss for Lack of Standing is hereby **DENIED**.

## II.    <u>Sovereign Immunity - Defendant DMH</u>

Defendants argue Plaintiffs' claims against Defendant DMH, in Counts I and II, are barred by the Eleventh Amendment and sovereign immunity. Plaintiff argues DMH is not entitled to sovereign immunity because Plaintiffs seek only declaratory and prospective relief, not damages. Defendants further argue that, as an agency, DMH is entitled to immunity because *Ex parte Young* only applies to officials, not agencies.

*Ex parte Young* is an exception to state sovereign immunity. It allows a plaintiff to sue state officials, in their official capacity, for prospective (future-looking) injunctive relief, to stop an ongoing violation of federal law. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). But it does not allow suits against the state itself, or a state agency. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)("While under the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies."). States and state agencies remain immune under the Eleventh Amendment. *Id*.

The Court agrees with Defendants that DMH is entitled to immunity. While Plaintiffs are correct that they only seek declaratory and prospective relief, not damages, it is clear to the Court that the Department of Mental Health is a state agency and thus remains immune under the

5

Eleventh Amendment. Claims against Defendant DMH, in Counts I and II, are barred by the Eleventh Amendment and sovereign immunity. Therefore, the Motion to Dismiss Counts I and II against Defendant DMH is **GRANTED**.

### III.     Article III Standing – MMHC Defendants

Defendants argue that Plaintiffs failed to plead sufficient facts to establish that any of the MMHC Defendants individually caused Plaintiffs' injury.

MMHC (comprised of the MMHC Defendants) is responsible for appointing the Director of DMH and they also play an important and more substantive role in developing and implementing a competency program in the state of Missouri. Mo. Rev. Stat. § 630.015. The statute requires them to participate in the development of "all phases of department practices," including management of programs and facilities (among other things). Mo. Rev. Stat. § 630.015.2. MMHC's direct involvement in overseeing the delivery of competency services in Missouri supports their inclusion in this case for Article III purposes. Therefore, Defendants' Motion to Dismiss MMHC Defendants for lack of Article III standing is hereby **DENIED**.

### IV.     Sovereign Immunity - MMHC Defendants

Defendants argue that even if Plaintiffs had standing to sue MMHC Defendants under Counts I and II in Plaintiffs' Complaint, MMHC Defendants have sovereign immunity for the declaratory and injunctive relief sought because *Ex parte Young's* "some connection" requirement is not met. Defendants argue Plaintiffs failed to establish that MMHC Defendants exercised any control over the management of competency evaluations or restoration services. Plaintiffs argue MMHC Defendants should not be dismissed from this case in light of their responsibility for managing DMH facilities and operations, including its delivery of competency restoration

6

services, and because of their direct responsibilities with respect to the overall provision of competency restoration services in Missouri.

State officials who may be sued in their official capacities for injunctive or declaratory relief are proper defendants so long as they have "some connection" to the alleged unlawful conduct. *Ex parte Young*, 209 U.S. at 157. This is not a demanding standard: "[the] connection does not need to be primary authority to enforce the challenged law," and the official need not "have the full power to redress a plaintiff's injury in order to have 'some connection' with the challenged law." *281 Care Comm. v. Arneson*, 638 F.3d 621, 632-33 (8th Cir. 2011). Where, as here, the law involved is an affirmative constitutional obligation of the State itself, a state official is a proper defendant under *Ex parte Young* if he has a responsibility to "give[] effect" to the obligation. *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). "For purposes of the Eleventh Amendment and *Ex parte Young*, a state official's requisite connection with the enforcement of a statute may arise out of 'the general law' or be 'specially created by the act itself.'" *Calzone v. Hawley*, 866 F.3d 866, 870 (8th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. at 157).

As stated above, MMHC (comprised of the MMHC Defendants) is responsible for appointing the Director of DMH and they also play an important and more substantive role in developing and implementing a competency program in the state of Missouri. Mo. Rev. Stat. § 630.015. The statute requires them to participate in the development of "all phases of department practices," including management of programs and facilities (among other things). Mo. Rev. Stat. § 630.015.2.

The Court agrees with Plaintiffs that MMHC and the MMHC Defendants had the authority to enforce or implement changes to DMH policy, procedures, or operations and that authority is

7

clear from the face of Section 630 itself. Even if the MMHC Defendants are not exclusively responsible for the due process violations alleged in the Complaint, partial responsibility is sufficient to satisfy the "some connection" requirement. *281 Care Comm.*, 638 F.3d at 632-33. The MMHC Defendants' direct involvement in overseeing the delivery of competency services in Missouri supports their inclusion in this case for Article III purposes.

Plaintiffs' general factual allegations that MMHC Defendants exercised control over the management of competency evaluations or restoration services are enough to satisfy the "some connection" requirement under *Ex parte Young* at the pleading stage. Therefore, the Motion to Dismiss Counts I and II against the MMHC Defendants is hereby **DENIED**.

## V.  Redundant Claims

Defendants argue Counts I and II against MMHC Defendants are redundant because they are duplicative of the claims against the State agency and its Director, making MMHC Defendants inclusion unnecessary for any injunctive or declaratory relief. As the Court ruled above, DMH, as a state agency, is immune under the Eleventh Amendment on Counts I and II. Thus, Counts I and II are not duplicative against the MMHC Defendants. Therefore, the Motion to Dismiss Counts I and II against the MMHC Defendants is hereby **DENIED**.

Defendants further argue Counts III and IV against Defendant Huhn should be dismissed as redundant. Defendant Huhn has previously been dismissed without prejudice from this case. (Doc. 40). Therefore, the Motion to Dismiss the claims in Counts III and IV against Defendant Huhn is hereby **DENIED** as moot.

### CONCLUSION

The Court finds that Plaintiffs have Article III standing to bring these claims. The Court also finds that Defendant DMH, as a state agency, enjoys sovereign immunity for the Due Process claims in this case.

It is **ORDERED** that Defendants' Motion to Dismiss for Lack of Article III Standing is hereby **DENIED**.

It is **FURTHER ORDERED** that Defendants' Motion to Dismiss Counts I and II against Defendant DMH is **GRANTED**.

It is **FURTHER ORDERED** that Defendants' Motion to Dismiss MMHC Defendants for lack of Article III standing is hereby **DENIED**.

It is **FURTHER ORDERED** that Defendants' Motion to Dismiss Counts I and II against the MMHC Defendants is hereby **DENIED**.

It is **FURTHER ORDERED** that Defendants' Motion to Dismiss the claims in Counts III and IV against Defendant Huhn is hereby **DENIED** as moot.

**IT IS SO ORDERED.**

Date: April 7, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

9