| | | |
|---|---|---|
| DEBRA DARRINGTON, as next friend for M.R., et al., | ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | **Case No. 2:25-cv-04268-MDH** |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., | ) ) ) | |
| *Defendants*. | ) ) ) ) | |

**DEFENDANTS' SUGGESTIONS IN RESPONSE TO MAY 27, 2026 ORDER**

In response to the Court's May 27, 2026 order following the scheduling teleconference that occurred on that date, Defendants, by and through undersigned counsel, submit the following suggestions in response to the Court's questions as identified in that order:

> **1.** **Whether the preliminary injunction hearing should proceed before ruling on the class action certification.**

The Court should wait to hold the preliminary injunction hearing until ruling on class certification because a classwide preliminary injunction cannot be issued until a class is certified, for the reasons explained in Defendants' opposition to Plaintiffs' preliminary injunction motion. *See* ECF 77 at 11–12.  Accordingly, the scope of the preliminary injunction hearing will depend on the outcome of the motion for class certification: if the motion for class certification is denied, the preliminary injunction hearing will relate only to the Named Plaintiffs who still have live claims, *see* ECF 77 at 5–6; if the motion for class certification is granted, the preliminary injunction hearing will relate to Plaintiffs' request for class-wide preliminary relief.

1

Further, there is not an urgent need for a ruling on the preliminary injunction: Plaintiffs filed their complaint in November 2025, but waited more than three months to seek preliminary relief. *See, e.g.*, *Phyllis Schlafly Revocable Trust v. Cori*, 924 F.3d 1004, 1009–1010 & n.4 (8th Cir. 2019) (citing cases and holding that five-month delay between filing complaint and filing preliminary injunction motion undermined claim that relief is urgently needed to prevent irreparable injury).

Finally, the parties have scheduled mediation for August 31, 2026, through the Court's Mediation and Assessment Program (MAP), which could moot some or all of the relief that Plaintiffs are seeking in their motion for preliminary injunction.

**2.    Whether ruling on the class action certification should await the decision of the 8th Circuit in case no. 25-1995.**

Defendants believe that, in the interest of judicial efficiency, the Court should wait to rule on class certification until the Eighth Circuit issues a decision in *Irvine v. Johnson*, No. 25-1995. That case presents issues directly relevant to the pending motion for class certification in this case, including whether plaintiffs bringing Substantive Due Process claims arising out of alleged delays in the provision of restoration services can establish commonality under Federal Rule of Civil Procedure 23. Additionally, *Irvine* may address issues that relate to the merits of this case, and therefore Defendants suggest that the Court await the Eighth Circuit's decision to hold a hearing and rule on Plaintiffs' preliminary injunction motion.

**3.    The anticipated length of a preliminary injunction hearing, and alternatively if a class action certification ruling would impact the length of the preliminary injunction hearing.**

Both parties have already filed extensive affidavits in support of and opposition to Plaintiffs' preliminary injunction motion, and Defendants do not believe there is any need to rehash

2

and repeat that written testimony in a live hearing. Rather, the preliminary injunction hearing should be limited to targeted direct examinations and cross examinations focused on the issues that are most important to the pending motion. To that end, Defendants intend to produce one witness for a direct examination that will not exceed two hours, and Defendants do not believe that Plaintiffs should need more than half-a-day to present testimony. Accordingly, Defendants believe the hearing should be limited to one day.

Any additional time is unnecessary at this preliminary stage. As Defendants explain in their opposition to Plaintiffs' preliminary injunction motion, it would be inappropriate to prematurely rule on the merits of this case at this stage based on a truncated record. ECF 77 at 1–2. Defendants have not yet had the opportunity to retain experts, otherwise gather evidence in support of their defenses, or fully brief their legal arguments through a dispositive motion.

4. **When the parties are prepared to hold a preliminary injunction hearing, including any available dates for the involved parties.**

As explained above, Defendants believe that the Court should await the Eighth Circuit's decision in *Irvine v. Johnson* prior to holding a hearing on the preliminary injunction motion, but if the Court decides to hold the hearing before that, Defendants are available for a hearing on the following dates: June 9–10; June 16–18; June 30; July 1–2; July 10; July 13–17; or July 21–24.

Given the mediation scheduled for August 31, 2026, Defendants request that the Court avoid scheduling the hearing for August, when Defendants hope to be preparing for mediation and working collaboratively with Plaintiffs to attempt to resolve the case. An adversarial hearing on the motion for preliminary injunction in August could inadvertently undermine those efforts.

Respectfully submitted,

3

Dated: June 1, 2026

/s/ Philip J. Peisch
Philip J. Peisch, *pro hac vice*
Caroline M. Brown, *pro hac vice*
Cammie Chapman, *pro hac vice*
Kendra Doty, *pro hac vice*
Brown & Peisch PLLC
1220 19th Street NW, Suite 210
Washington, DC 20036
202-499-4258
ppeisch@brownandpeisch.com
cbrown@brownandpeisch.com
cchapman@brownandpeisch.com
kdoty@brownandpeisch.com

4

**CERTIFICATE OF SERVICE**

I, Philip J. Peisch, hereby certify that a copy of the foregoing was sent by ECF to all counsel of record.

Dated: June 1, 2026

/s/ Philip J. Peisch
Philip J. Peisch