**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| DEBRA DARRINGTON, as next friend for M.R., et al., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | **Case No. 2:25-cv-04268-MDH** |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., | ) ) ) | |
| *Defendants*. | ) ) ) ) | |

**REPLY SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO
STAY PROCEEDINGS ON PRELIMINARY INJUNCTION MOTION**

Plaintiffs cannot and do not dispute that judicial economy favors staying the preliminary injunction proceedings pending resolution of Defendants' forthcoming Rule 23(f) petition and motion to decertify the Evaluation Class. *See* ECF 123. Instead, Plaintiffs oppose a stay on the ground that it would prolong the alleged harm "experienced by Plaintiffs and class members who are currently suffering and decompensating in county jails." *See* ECF 123, at 4. However, as explained in Defendants' Suggestions in Opposition to Plaintiffs' Motion for Preliminary Injunction, it is impossible for Defendants to promptly transfer hundreds of individuals waiting for restoration services in local jails to state psychiatric facilities, in part because those psychiatric facilities are at full capacity. ECF 77, at 12–13; ECF 77-1 ¶ 59. Given this reality, preliminary relief would not promptly redress the alleged irreparable harm on which Plaintiffs' opposition to the stay is based. Accordingly, waiting a few months for the Eighth Circuit to resolve Defendants' forthcoming Rule 23(f) petition will not significantly prejudice Plaintiffs.

1

Plaintiffs also argue that Defendants' motion to stay is "premature" because the Eighth Circuit has not yet granted the Rule 23(f) petition. ECF 123, at 3–4. Not so. The Eighth Circuit could take weeks or months to issue a decision on Defendants' Rule 23(f) petition, by which time this Court could have already held the hearing and issued a decision on the preliminary injunction. As a result, waiting for resolution of the Rule 23(f) petition would defeat the purpose of seeking a stay of the preliminary injunction proceedings.

For these reasons, and for the reasons explained in the suggestions in support of Defendants' motion to stay, Defendants respectfully request that this Court exercise its broad authority to stay proceedings on Plaintiffs' preliminary injunction motion, ECF 62, pending resolution of Defendants' forthcoming Rule 23(f) petition and any resulting appeal, if the petition is granted, and pending resolution of Defendants' forthcoming motion to decertify the Evaluation Class. *See* ECF 120.

Respectfully submitted,

Dated: June 24, 2026

/*s*/ Philip J. Peisch
Philip J. Peisch, *pro hac vice*
Caroline M. Brown, *pro hac vice*
Kendra Doty, *pro hac vice*
Brown & Peisch PLLC
1220 19th Street NW, Suite 210
Washington, DC 20036
202-499-4258
ppeisch@brownandpeisch.com
cbrown@brownandpeisch.com
kdoty@brownandpeisch.com

2

**CERTIFICATE OF SERVICE**

I, Philip J. Peisch, hereby certify that a copy of the foregoing was sent by ECF to all counsel of record.

Dated:  June 24, 2026

/s/ Philip J. Peisch
Philip J. Peisch

3