**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| **DEBRA DARRINGTON, as next friend for M.R., et al., on behalf of themselves and others similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) | **Civil Action No. 2:25-cv-04268-MDH** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MISSOURI DEPARTMENT OF MENTAL HEALTH, et al.** | ) ) | |
| | ) | |
| **Defendants.** | | |

## <u>ORDER</u>

Before the Court is Defendants' Motion to Decertify the Evaluation Class. (Doc. 126). Defendants separately filed a Rule 23(f) petition seeking review of this Court's certification order by the Eighth Circuit Court of Appeals and moved this Court to stay preliminary injunction proceedings. (Doc. 119). Defendants state that the Evaluation Class does not satisfy the requirements of Rule 23(a) and should be decertified because Plaintiff D.W. has never met the Evaluation Class definition, and therefore D.W. is not an adequate class representative. Defendants further argue that D.W.'s claims are not typical of the class claims; Plaintiffs have not presented any evidence of numerosity for the Evaluation Class; and the class lacks commonality due to the statutory good cause framework for extending evaluation times.

On June 16, 2026, this Court certified two classes and directed the parties to propose dates for a preliminary injunction hearing to occur within 60 days. Defendants have petitioned the Eighth Circuit for a review of the certification order. A ruling on that petition has not yet been issued. Defendants state that even if Defendants' Rule 23(f) petition is not granted, the Evaluation Class cannot proceed because no Named Plaintiff has ever been a member of the Evaluation Class.

1

A district court has a continuing obligation to ensure that a certified class satisfies Rule 23(a) and (b) throughout the litigation, and it must decertify the class if those requirements are not met. *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 612 (8th Cir. 2017). A motion to decertify a class may be brought at any time, and its review is de novo: the Court owes no deference to its prior certification ruling when newly presented arguments demonstrate that Rule 23's requirements are not met. See, e.g., *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1156 (8th Cir. 2017) (affirming decertification of a class where further analysis revealed that "the nature of the claims were more 'nuanced' than the district court had originally considered" (citation omitted)).

In addition, for a class to proceed, it must be represented by a named plaintiff who "fairly and adequately protect[s] the interests of the class," with claims and defenses "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3), (4). The Supreme Court has repeatedly held that a class representative "must be part of the class[.]" *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977); see also *Oetting v. Norton*, 795 F.3d 886, 890 (8th Cir. 2015) ("It is axiomatic that the lead plaintiff must fit the class definition." (citations omitted)). A class must be decertified when it lacks a proper representative and in fact "courts routinely decertify classes where, before trial, it becomes apparent that there is no class representative." *Monaco v. Hogan,* No. 98-CV 3386, 2016 U.S. Dist. LEXIS 44724, *25 (E.D.N.Y. Mar. 31, 2016) (unpublished) (collecting cases) (citing *Briggs v. Anderson*, 796 F.2d 1009, 1019 (8th Cir. 1986)).

In light of Defendants' motion, the Court has reviewed the record and confirmed that Defendants conducted and filed D.W.'s evaluation 58 days after the court order. As a result, D.W. never "await[ed] evaluation for more than 90 days beyond an order of the circuit court." The Court's prior ruling that D.W. waited 183 days "beyond an order of the circuit court" ordering his

evaluation, or that he was on a "waitlist" for competency evaluation, was incorrect. The Court agrees D.W. is not a proper representative for the Evaluation Class.

Based on an additional review of the record, and Defendants' motion to decertify the Evaluation Class, the Court finds D.W. is not a member of the Evaluation Class and as a result lacks standing to pursue claims on behalf of the Evaluation Class. Therefore, as currently pled, the Evaluation Class lacks an adequate representative.[1] See *Alleruzzo v. SuperValu, Inc.* (*In re SuperValu, Inc., Customer Data Sec. Breach Litig.*), 870 F.3d 763, 768 (8th Cir. 2017) ("A putative class action can proceed as long as one named plaintiff has standing." (citations omitted)).

For this specific reason, the Court **GRANTS** Defendants' motion to decertify the Evaluation Class. The Court's ruling is based on D.W.'s lack of standing. The Court finds that with a proper class representative its additional rulings on numerosity and commonality could be established. However, in light of D.W.'s lack of standing, the Court decertifies the Evaluation Class for lack of an adequate representative. This Order is limited to D.W.'s standing for the Evaluation Class and has no effect on any other ruling previously entered by the Court.

Finally, the Court **GRANTS** Defendants' Motion to Stay proceedings pending resolution of the Rule 23(f) petition. The Court **ORDERS** that this case is hereby stayed pending resolution of the petition to appeal.

**IT IS SO ORDERED**.

DATED: July 16, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiffs' opposition argues it should be granted leave to substitute a proper class representative as opposed to decertification. However, at this time a motion to substitute a proper class representative has not been filed and as pled D.W. is not a proper class representative.