**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| DEBRA DARRINGTON as next friend for M.R. et al., *on behalf of themselves and others similarly situated*, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:25-cv-04268-MDH |
| v. | ) | |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., | ) | |
| Defendants. | ) | |

**MOTION TO LIFT, MODIFY, OR CLARIFY THE STAY (DOC. 130) AND SUGGESTIONS IN SUPPORT**

Come now, Plaintiffs Debra Darrington, as next friend for M.R.; Eric Massey, as next friend for K.M.; Anita Tabb as next friend for M.T.; Veda Johnson as next friend for O.J.; Carrie Miner as next friend for C.T.; and Delicia Walker as next friend for D.W., and respectfully move this Court to enter an Order setting aside, or in the alternative modifying or clarifying, the stay of this case as ordered on July 16, 2026, to allow Plaintiffs to file three motions: (1) a motion to intervene pursuant to Fed. R. Civ. P. 24 on behalf of an individual who will serve as a Plaintiff in this case and who meets this Court's redefined definition of a class member for the Evaluation Class, (2) a Motion to Appoint Next Friend; and (3) a motion to recertify the Evaluation Class and name this Plaintiff Intervenor as a class representative. If the stay is lifted either fully or partially for the purposes of these motions, they have all been prepared, and Plaintiffs stand ready to file them. In support of this motion, Plaintiffs state:

1. This Court certified two Plaintiff Classes on June 16, 2026, as amended on June 20, 2026: A Restoration Class and an Evaluation Class (Docs. 118, 121).

1. On June 18, 2026, Defendants filed a motion seeking a stay of the proceedings on Plaintiffs' motion for a preliminary injunction (Doc. 119). Defendants did not seek a stay of discovery or any other aspect of this case other than the preliminary injunction hearing. *See* Doc. 119, at 1 ("Defendants are not seeking to stay any other proceedings in this case and consequently intend to continue engaging in discovery, mediation, and otherwise complying with the current scheduling order.").

2. On June 30, 2026, Defendants petitioned the Eighth Circuit for a review of the certification order. That petition is pending. *See Darrington, et al. v. Mo. Dep't of Mental Health, et al.*, No. 26-8009.

3. Defendants also filed a motion to decertify the Evaluation Class on June 30, 2026, with this Court. (Docs. 126, 127).[1]

4. In its ruling granting the motion to decertify, this Court found that Plaintiff D.W. lacked standing to serve as a class representative for the Evaluation Class (Doc. 130) based upon this Court's revised definition of that class and the date on which D.W. received his mental health evaluation. The motion to decertify was granted solely on the basis that D.W. lacks standing to pursue a claim on behalf of the Evaluation Class. (*Id.* at 3).

5. In that same Order (Doc. 130), the Court also granted Defendants' motion to stay proceedings pending the resolution of Defendants' Rule 23(f) petition and ordered "that this case is hereby stayed pending resolution of the petition to appeal." (*Id.*).

6. In its Order decertifying the Evaluation Class, this Court did note that Plaintiffs' opposition included an argument that they should be allowed leave to substitute a proper class

[1] Defendants have filed a Rule 28(j) letter with the Eighth Circuit informing them that the Evaluation Class was decertified and, therefore, it is no longer necessary for the court to determine whether it was properly certified.

representative. This Court noted that, "at this time a motion to substitute a proper class representative has not been filed and as pled D.W. is not a proper class representative." (*Id*., at 3 n.1).

7. Plaintiffs have identified a new class representative.

8. The proposed class representative is L.C. She is presently housed in the St. Louis City Justice Center awaiting an evaluation.

9. L.C. has been incarcerated since April 29, 2025.

10. In her criminal case, a circuit court judge first ordered an evaluation on January 8, 2025. L.C. failed to appear for her evaluation on her own and was shortly thereafter arrested on or about April 29, 2025. A second order for an evaluation was entered on March 31, 2026. The first order for an evaluation was still pending in the case when the second order was entered. To date, L.C. has not been evaluated pursuant to the court's orders. It has been over 550 days since the first evaluation was ordered and over 110 days since the second evaluation order.

11. L.C. has been incarcerated for an uninterrupted period of nearly 450 days with pending orders for evaluations in her case.

12. L.C.'s father is prepared to serve as her Next Friend.

13. Upon the granting of a motion to lift the stay, either fully or for the limited purposes requested herein, Plaintiffs are prepared to immediately file their motions and suggestions in support related to intervention of a new party plaintiff, the appointment of a next friend, as well as a motion to recertify the Evaluation Class and name a new class representative.

14. Following this Court's order staying the case, (Doc. 130), counsel for Defendants have stated they do not intend to proceed with any discovery, including producing a DMH employee noticed for a previously agreed-upon remote deposition to take place on July 30, 2026.

15. Mediation also remains scheduled for August 31, 2026. Despite refusing to proceed with any discovery, counsel for Defendants have indicated to counsel for Plaintiffs via email that, if mediation is to go forward, they are prepared and willing to proceed on August 31st.

16. Although this Court has imposed a stay on proceedings, the filing of a petition pursuant to Fed. R. Civ. P. 23(f) itself "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *See also Plymouth Cnty. Ret. Sys. v. Patterson Cos.*, No. CV 18-871 (MJD/HB), 2020 WL 6566467, at *2 (D. Minn. Nov. 9, 2020) (citing *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017), and confirming that a stay pending a Rule 23(f) appeal "is an exception to the general rule that the district court proceedings ordinarily continue pending an appeal of certification[,]" and "Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order" (internal quotation marks and citation omitted)).

17. This Court retains jurisdiction over this case, has the discretion and authority to lift the stay or narrow its application, and retains control over class certification orders and may modify them at any time. As an "exercise of judicial discretion," the propriety of a given stay depends on the facts of the case, and the burden lies with the requesting party to show that the facts justify the stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

18. Here, Defendants sought only a stay of "the resolution of the preliminary injunction motion and any related hearing" (Doc. 120), but, based on their interpretation of this Court's order, now seek to expand the scope of the stay to be applicable to all aspects of the case, including discovery.

19. The continuation of discovery in this case is particularly important given "Defendants have superior access to information concerning its own waitlists than Plaintiffs could

possess." (Doc. 121, at 7 n.1). Plaintiffs have sent Defendants a Golden Rule Letter dated June 8, 2026, and have conducted a meet and confer with Defendants, in part to discuss the redaction of personally identifiable information of members of Plaintiffs' class. At the time of the Court's order issuing a stay, Plaintiffs were still waiting to receive unredacted versions of the documents already produced in discovery.

20. If the stay is not lifted or is lifted only partially for the purposes of the filings requested, Plaintiffs respectfully request that this Court clarify the scope of the stay for the parties as it relates to discovery, mediation, and other deadlines in the existing Scheduling Order and Discovery Plan (Doc. 59).

Wherefore, Plaintiffs respectfully request that this Court enter an Order lifting or modifying the stay of this case so that Plaintiffs may: 1) file a Motion to Intervene as Party Plaintiff; 2) file a Motion to Appoint Next Friend; 3) file a Motion for Recertification of the Evaluation Class and a request to have the new Plaintiff Intervenor named as a class representative; 4) continue with discovery; and for any such other and further relief as this Court deems proper under the circumstances. In the event this Court does not lift the stay for the purposes requested by Plaintiffs, Plaintiffs request clarification as to whether the stay applies to the entire case, including all discovery, mediation, and other deadlines as set forth in the Scheduling Order and Discovery Plan (Doc. 59).

Dated: July 22, 2026

Respectfully submitted,

By: /s/ Gillian R. Wilcox
Gillian R. Wilcox, #61278MO
Jason Orr, #56607MO
American Civil Liberties Union
of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
Facsimile: (314) 652-3112

gwilcox@alcu-mo.org
jorr@aclu-mo.org

Kristin M. Mulvey, #76060MO
Jonathan D. Schmid, #74360MO
American Civil Liberties Union
of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Facsimile: (314) 652-3112
kmulvey@aclu-mo.org
jschmid@aclu-mo.org

/s/ Maureen Hanlon
Maureen Hanlon (MBE #70990MO)
Ebony McKeever, #77050MO
ArchCity Defenders
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-2489 ext. 1008
314-925-1307 (fax)
mhanlon@archcitydefenders.org
emckeever@archcitydefenders.org

/s/ Brent Dulle
Brent Dulle, #59705MO
Kevin Cowling, #72755MO
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
Phone: (314) 480-1500
Fax: (314) 480-1505
Brent.Dulle@huschblackwell.com
Kevin.Cowling@huschblackwell.com

/s/ Eric Foley
Eric Foley, LA Bar No. 34199
Roderick & Solange MacArthur Justice
Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Ph: 504-620-2259
Fax: 504-208-3133
Eric.Foley@macarthurjustice.org

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically and served by operation of the CM/ECF system on all counsel of record on July 22, 2026.

/s/ Gillian R. Wilcox